NOAH DANIEL PHILLIPS v. ANNIE BRANSON PHILLIPS

No. 7019SC436

(Filed 16 September 1970)

Divorce and Alimony § 13; Evidence § 12— absolute divorce — testimony of adultery by spouse

In the husband's action for absolute divorce on the ground of one year's separation, the trial court committed prejudicial error in allowing the husband to testify on cross-examination as to the adulterous conduct of his wife. G.S. 50-10.

APPEAL by defendant from *Gambill, J.,* 2 March 1970 Session of RANDOLPH Superior Court.

This was a civil action brought by plaintiff-husband, Noah Daniel Phillips, against the defendant-wife, Annie Branson Phillips, on 17 December 1968 in the Randolph County Superior Court for absolute divorce on the grounds of one year separation.

The defendant-wife filed answer denying separation and alleging abandonment as a further defense, praying that the plaintiff-husband be denied a divorce and praying for counsel fees. Both parties offered evidence in support of their allegations. Issues were submitted to and answered by the jury in favor of the plaintiff-husband, and the court entered judgment on the verdict awarding the plaintiff an absolute divorce from the defendant.

The defendant appealed to the North Carolina Court of Appeals assigning error.

*Coltrane and Gavin, by T. Worth Coltrane, for plaintiff appellee.*

*Ottway Burton for defendant appellant.*

HEDRICK, J.

Of the numerous assignments of error brought forward and argued on this appeal, we deem it necessary to discuss only that one relating to the court's allowing the plaintiff-husband to testify as to matters tending to show that the defendant-wife had committed adultery.

During the trial of this cause, while the plaintiff-husband was being cross-examined by the defendant-wife's counsel, Mr. Burton, the record discloses that the following occurred:

"Q. When did she leave, if you know?

"A. I believe it was October.

"Q. October what?

"A. I don't remember but it was October, I am quite sure. I caught her with this man here and the baby one night and I took it to Court.

"MR. BURTON: I didn't ask him that.

"THE COURT: He can explain. Go ahead.

"MR. BURTON: OBJECTION-OVERRULED

"A. I caught her this night out at this colored church out in the woods one Sunday night with the baby, about 9 o'clock and I took the car and then I took her back to her mother's and she got her brother to take her up at the

farm and stayed about two days and then she went back home and that was in October, best I recall."

The appellant contends that the court committed prejudicial error in allowing the husband to testify over the defendant's objection as to the adulterous conduct of his wife. G.S. 50-10, in pertinent part, provides:

"The material facts in every complaint asking for a divorce shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a jury, and on such trial neither the husband nor wife shall be a competent witness to prove the adultery of the other, nor shall the admissions of either party be received as evidence to prove such fact."

In *Hicks v. Hicks*, 275 N.C. 370, 167 S.E. 2d 761 (1969), Branch, J., said, "The provisions of N.C. Gen. Stat. § 50-10 are not limited to 'any action or proceeding for divorce on account of adultery' or 'actions or proceedings in consequence of adultery,' but includes 'every complaint asking for a divorce.' Thus, its declaration that the husband and wife are incompetent witnesses to prove the adultery of the other refers to *all* divorce actions, including actions for alimony without divorce." Therefore, in the instant case it was prejudicial error for the court to allow the husband to testify to such facts as tended to show that the wife had committed adultery.

For the reasons stated the defendant is entitled to a new trial.

New trial.

MALLARD, C.J., and PARKER, J., concur.