Horner v. Horner

CHARLES L. HORNER v. MARGARET HOPE HORNER

No. 7912DC488

(Filed 17 June 1980)

1. **Evidence § 12; Divorce and Alimony § 14.2– spouse's testimony implying adultery – inadmissibility**

   In a divorce action, testimony by a spouse concerning his or her relationship with another party should be excluded under G.S. 50-10 when it clearly implies an act of adultery even though the words "adultery" or "intercourse" are not used.

2. **Evidence § 12; Divorce and Alimony § 14.2– spouse's testimony implying adultery – inadmissibility**

   The trial court in a divorce case erred in permitting defendant to be cross-examined as to whether she had undressed in front of or with various men where adultery was an issue in the case, the court had sustained an objection when defendant was asked whether she had committed adultery, and the cross-examination therefore clearly implied that defendant had committed adultery.

3. **Divorce and Alimony § 24.1– child support**

   The trial court did not abuse its discretion in ordering child support because the court first announced the child support would be $200.00 per month and then changed it to $250.00 per month or because the court waited from the day of the verdict on 9 November 1978 until 2 January 1979 to sign the judgment.

4. **Divorce and Alimony § 27– child support action – counsel fees – insufficient findings**

   The court erred in awarding counsel fees to the wife in a child support action where the court made no findings as to the wife's ability to pay or the reasonableness of the fees.

APPEAL by plaintiff and defendant from *Guy, Judge*. Judgment entered 2 January 1979 in District Court, CUMBERLAND County. Heard in the Court of Appeals 15 November 1979.

This is an action in which the plaintiff sued for divorce on the ground of a one-year separation. The defendant counterclaimed for divorce from bed and board, custody of their child, permanent alimony, and child support. Plaintiff filed a reply in which he denied the allegations of the counterclaim and pled adultery and abandonment by the defendant as affirmative defenses. The jury answered the issues favorably to the plaintiff on his claim for divorce, and against the defendant on her counterclaim for divorce from bed and board. The record does not show that issues were submitted on the plaintiff's affirmative defenses. The court entered a judgment granting the plaintiff a divorce absolute. The court gave the defendant custody of their child and required the plaintiff to pay $250.00 per month in child support and $300.00 for counsel fees. Both parties appealed.

*Downing, David, Vallery, Maxwell and Hudson, by Edward J. David, for plaintiff appellee and appellant.*

*Pope, Reid, Lewis and Deese, by Renny W. Deese, for defendant appellant.*

WEBB, Judge.

Horner v. Horner

DEFENDANT'S APPEAL

[1] Defendant assigns as error the admission of certain testimony which she contends showed the court allowed her to be examined as to her adultery. When the defendant was being cross-examined, plaintiff's counsel asked her if she had committed adultery. The court sustained as objection to this question. Later in the cross-examination, the defendant was examined as follows:

"Q. Did you permit your uncle to touch you?

A. Yes, I did.

Q. Where did you let him touch you?

MR. DEESE: OBJECTION.

COURT: OVERRULED.

\* \* \*

Q. Where would you let him touch you?

A. He would put his arms around me, touch me. Well, what do you want me to say?

Q. The truth.

A. My husband made me document these things. And he even made me say that he touched me on my breast and other places, because it was good for him.

\* \* \*

Q. Now he, — you undressed before your uncle more than one time, did you not?

MR. DEESE: OBJECTION, your Honor.

COURT: OVERRULED.

A. Not to my knowledge.

\* \* \*

Q. You also undressed with the security guard?

Mr. Deese: OBJECTION, your Honor.

Q. — of the PX, did you not?

Court: OVERRULED.

\* \* \*

Q. Do you know a Mr. Conroy?

A. Yes, I do.

Q. Did you undress before him?

Mr. Deese: OBJECTION, your Honor.

Court: OVERRULED.

A. That is the security guard you were talking about.

Q. How many times did you undress for him?

A. Just one time.

Mr. Deese: OBJECTION, your Honor.

Court: OVERRULED.

Q. Just once?

A. Yes, sir.

Q. Now, how many different men have you undressed before, prior to going back to your husband in October, 1976?

Horner v. Horner

\* \* \*

A. (No response).

Q. How many different men did you undress before?

A. When?

Q. Before going back to Germany in October, 1976?

A. This was before May of 1976 when my husband came to the States, there were several. The ones that you mentioned.

Q. And there were others?

A. I'm not sure. I can't remember, sir. During that period I dated several."

The propriety of testimony by parties to a divorce action which tends to prove adultery has been passed on in the following cases. *Traywick v. Traywick*, 28 N.C. App. 291, 221 S.E. 2d 85 (1976); *Earles v. Earles*, 26 N.C. App. 559, 216 S.E. 2d 739 (1975); *Phillips v. Phillips*, 9 N.C. App. 438, 176 S.E. 2d 379 (1970). We believe the rule from these cases is that in a divorce action, testimony by a spouse concerning his or her relationship with another party should be excluded under G.S. 50-10 when it clearly implies an act of adultery, even though the words "adultery" or "intercourse" are not used. Where there is no clear implication of intercourse, the testimony is admissible. In *Phillips*, it was held that it was error to allow a husband to testify he caught his wife in the woods with a man near a church at 9:00 p.m. In *Earles*, testimony by the wife that her husband told her he loved another woman and would continue to see her was held admissible. That was an action for divorce from bed and board and alimony based on abandonment. Adultery was not at issue. This Court said the plaintiff's testimony tended to show defendant saw another woman and loved her, not that he had intercourse with her. In *Traywick*, this Court affirmed a district court judgment for alimony without divorce based on cruel and barbarous treatment and the offering of such indignities as to

Horner v. Horner

render plaintiff's condition intolerable and life burdensome. The plaintiff had testified the defendant visited a widow who lived next door every night and would often stay for several hours with no one else present but her two-year-old son. This Court said the plaintiff was not trying to prove her husband had committed adultery but instead that he had offered indignities to her by spending more time with another woman than he did with his wife and making it clear to his wife that he preferred the company of another woman.

[2] Applying the principle stated above to the case sub judice, we hold that allowing the defendant to be cross-examined as set forth above constituted reversible error. The defendant had been asked whether she had committed adultery. An objection was sustained but the jury heard the question. The defendant was then required to answer a series of questions as to whether she had undressed in front of different men. One of the questions was whether she had undressed with a man. Adultery was an issue in the case sub judice. We hold the questions and answers clearly implied the defendant had committed adultery.

The defendant has brought forward other assignments of error which we do not discuss as they may not recur at the subsequent trial.

We hold the defendant must have a new trial.

PLAINTIFF'S APPEAL

[3] Plaintiff has appealed from the order requiring him to pay child support and defendant's counsel fees. Plaintiff contends the court abused its discretion in ordering child support because Judge Guy first announced the child support would be $200.00 per month and then changed it to $250.00 per month, and because Judge Guy waited from the day of the verdict on 9 November 1978 until 2 January 1979 to sign the judgment. We hold this did not constitute abuse of discretion.

[4] As to the order for counsel fees, the court made no findings of fact as to the wife's ability to pay or the reasonableness of the counsel fees. We have held in *Rogers v. Rogers*, 39 N.C. App. 635,

251 S.E. 2d 663 (1979) that such findings of fact are necessary before awarding counsel fees pursuant to G.S. 50-13.6 in actions for child support. We reverse and remand this part of the order without prejudice to the defendant to make another motion for counsel fees.

Plaintiff's appeal is affirmed as to child support; reversed and remanded as to the order for counsel fees.

New trial for the defendant.

Judges VAUGHN and MARTIN (Harry C.) concur.