DWIGHT LEE SPENCER v. PAULETTE MARTIN SPENCER

No. 8218DC167

(Filed 5 April 1983)

Divorce and Alimony § 14.2— admissions of adultery—incompetency of husband and wife—privileged communications with minister

Testimony by the wife and by the husband on cross-examination about his admitted adulterous affairs in counseling sessions with the parties' minister and later in answer to the wife's request for further information about these affairs was inadmissible to prove indignities since both the husband and his

wife were incompetent to testify about the husband's adultery under G.S. 8-56 and G.S. 50-10, and since information revealed during counseling with the minister was privileged under G.S. 8-56 and G.S. 8-53.2. Furthermore, the testimony of a third party that the husband admitted to him that he had had affairs with other women was also inadmissible because the witness received his information from the husband himself and G.S. 50-10 clearly provides that no admissions from either party are competent to prove adultery.

APPEAL by plaintiff from *Daisy, Judge*. Order entered 28 September 1981 in District Court, GUILFORD County. Heard in the Court of Appeals 8 December 1982.

By his Complaint, plaintiff husband sought an absolute divorce based on a twelve month separation. Defendant wife sought by counterclaim temporary and permanent alimony, custody of a minor child, child support, attorney's fees, possession of the marital home, and a division of property, based on allegations of indignities, adultery, excessive use of alcohol, failure to provide necessary subsistence, and abandonment. By the date of trial, the parties had obtained an absolute divorce.

During trial, Judge Daisy entered a directed verdict on the adultery issue. Following a jury trial, a verdict was returned finding that (1) the husband, without provocation, offered such indignities to the person of the wife as to render her condition intolerable and life burdensome, and (2) the husband did not willfully abandon the wife without just cause or provocation.

In an order entered 28 September 1981, Judge Daisy ruled that the wife recover permanent alimony from the husband in an amount to be determined in accordance with N.C. Gen. Stat. § 50-16.5 (1976).

On the same date, Judge Lowe entered an order finding and concluding that the wife was entitled to temporary alimony and support for herself and the minor child, awarding $400.00 per month in child support, $600.00 per month in alimony, both "pending trial," and $1,000.00 in attorney's fees *pendente lite*.

From both orders, the husband appeals.

*McNairy, Clifford & Clendenin, by Locke T. Clifford and Michael R. Nash, for the plaintiff appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by L. P. McLendon, Jr., and Gerard M. Chapman, for defendant appellee.*

BECTON, Judge.

I

The husband excepts and assigns error to numerous evidentiary rulings of the trial court; however, we will address only the dispositive issues. For the reasons that follow, the husband is entitled to a new trial.

The husband's first, second, and seventh arguments relate to the trial court's admission of testimony concerning the husband's adulterous activities during the parties' marriage. After the wife presented evidence relating to her counterclaim, the trial court entered a directed verdict on the issue of adultery because of the wife's condonation; however, the trial court ruled that evidence of adultery would be admissible "for such impact as it may have toward the question of indignities." The wife then testified about the husband's various adulterous relationships, saying that her husband had told her about these affairs. The husband also was cross-examined about his affairs with other women. The testimony disclosed that the parties were living in Charlotte when the wife learned that the husband had had an affair while they were living in Atlanta. The parties then sought marriage counseling from their minister in Charlotte, and during these sessions the husband admitted to having had other affairs in Atlanta. Subsequently, at the wife's behest during marital discussions at home, the husband informed the wife of the details of his extra-marital excursions, in answer to specific questions asked of him.

The husband contends the trial court erred in admitting all evidence probative of his adultery because both he and his wife were incompetent witnesses under N.C. Gen. Stat. § 50-10 (1981) and N.C. Gen. Stat. § 8-56 (1981) and because the information revealed during counseling with their minister was privileged under G.S. § 8-56 and N.C. Gen. Stat. § 8-53.2 (1981). We agree with these arguments.

N.C. Gen. Stat. § 8-56 provides in pertinent part: "Nothing . . . shall render any husband or wife competent or compellable to give evidence for or against the other in any action or proceeding in consequence of adultery, or in any action or proceeding for divorce on account of adultery. . . ." The relevant portion of G.S. § 50-10 provides: "On such trial neither the husband nor wife

shall be a competent witness to prove the adultery of the other, nor shall the admissions of either party be received as evidence to prove such fact." These two statutes have been construed together by our Supreme Court to mean "that neither the husband nor the wife *is a competent witness* in any action *inter se* to give evidence for or against the other in any action or proceeding in consequence of adultery, or in any action or proceeding for divorce on account of adultery, *and may not be compelled* to give such evidence." *Wright v. Wright*, 281 N.C. 159, 167, 188 S.E. 2d 317, 322 (1972).

Testimony by a spouse concerning his or her relationship with another party has been held admissible by this Court in cases in which there is no clear implication of intercourse. *See, Traywick v. Traywick*, 28 N.C. App. 291, 221 S.E. 2d 85 (1976). In an action for alimony without divorce, we have ruled a wife's testimony that her husband spent a great deal of time with another woman was admissible for proving indignities rendering the wife's condition intolerable and life burdensome. *Id.* Testimony by the offended party of his or her spouse's adulterous activities may be admissible to prove indignities in some cases, as when an adulterous wife boasts of her extramarital affairs to taunt the cuckold with his trusting ignorance of her deceit. In such a situation, the very manner of the revelation itself could rise to the level of an indignity, rendering the wronged party's condition intolerable and his life burdensome. However, on the facts of the present case, the husband's revelation to his wife of his past indiscretions did not amount to an indignity. The record discloses that the husband admitted the adulterous affairs in counseling sessions with the parties' minister in an effort to make an honest confession and make a new start in the marriage, and later in answer to his wife's request for further information about these affairs. The evidence does not indicate he was mocking his wife with her past ignorance of his infidelity. Thus, because the evidence about adultery in the present case cannot be admitted to prove indignities, it is not protected and is barred by G.S. § 8-56 and G.S. § 50-10, since neither the husband nor the wife were competent to testify about the husband's adultery.

This reasoning also renders inadmissible, under the husband's seventh argument, the testimony of Ed Roy, that the husband admitted to Roy that he had had affairs with other

women. The husband contends that the trial court erred in admitting Roy's hearsay testimony under the hearsay rule exception allowing the admission of a party opponent. We agree with the husband because Ed Roy received his information from the husband himself and because G.S. § 50-10 clearly provides that no admissions from either party are competent to prove adultery.

Finally, the husband contends the trial court erred in admitting testimony from both parties about the husband's disclosure of his extramarital affairs in front of his wife during marriage counseling sessions with a minister. G.S. § 8-56 provides: "No husband or wife shall be compellable to disclose any confidential communication made by one to the other during their marriage." Under G.S. § 8-53.2, the statute rendering confidential communications between the clergy and communicants, the minister himself was not competent to testify about the affairs because the husband had communicated the information to him in the minister's professional capacity. The minister, as a third party, did not destroy the confidential nature of the admissions the husband made during marriage counseling that he had been unfaithful to his wife. On the contrary, the very purpose of marriage counseling—to attempt reconciliation of the parties in a troubled marriage—reinforces the confidential nature of communications made during these sessions.

Because of these errors in admitting the testimony from both parties and from Ed Roy about the husband's adultery, a new trial must be ordered.

## II

Although the husband took exception to Judge Lowe's order granting temporary alimony, support and attorney's fees *pendente lite*, he failed to bring forth any assignments of error thereon or argue those matters in his brief. Thus, pursuant to Rule 28(b)(3) of the North Carolina Rules of Appellate Procedure, this argument is deemed abandoned.

The husband brought forward other assignments of error which we do not reach because they may not recur at the subsequent trial.

New trial.

Judges HEDRICK and WEBB concur.