Roberts v. Roberts

DEWEY A. ROBERTS, JR. v. AVIS COOPER ROBERTS

No. 8317DC88

(Filed 1 May 1984)

**1. Divorce and Alimony § 11— indignity—sufficiency of evidence**

The trial court properly considered the evidence that plaintiff physically abused defendant where plaintiff neither alleged nor raised the defense of condonation, and the evidence of abuse was sufficient to support the court's finding and conclusion that plaintiff offered indignities to the defendant which rendered her condition intolerable and her life burdensome.

**2. Divorce and Alimony § 8— abandonment—sufficiency of evidence**

Undisputed evidence that plaintiff willfully ceased living with defendant at a certain date without justification and without her consent and without an intent to renew their marital relationship supported the court's finding and conclusion that plaintiff abandoned defendant. G.S. 50-7(1).

**3. Divorce and Alimony § 14.3— evidence of adultery—improperly admitted—no prejudicial error**

The trial court erred in admitting into evidence defendant's testimony that on the occasions plaintiff abandoned her he would move into his house and live there alternately with two women since the testimony implied acts of adultery and, pursuant to G.S. 50-10, in a divorce proceeding, neither the husband nor wife shall be a competent witness to prove the adultery of the other. However, the error was not prejudicial to plaintiff in light of the evidence supporting the court's findings and conclusions on the issues of abandonment and indignities, which issues effectively established the rights of the parties.

**4. Divorce and Alimony § 17— divorce from bed and board—alimony—insufficient evidence to support award**

In an action in which the trial court awarded defendant divorce from bed and board, alimony and attorney's fees, the evidence was insufficient to support the award of alimony where there were no findings to indicate that the court considered (1) plaintiff's expenses, (2) the standard of living to which the parties as a unit became accustomed during their marriage prior to the abandonment, and (3) the length of the marriage and contribution of each party to the financial status of their unit during marriage prior to plaintiff abandoning defendant. G.S. 50-16(3) and G.S. 50.16.5.

**5. Divorce and Alimony § 20.3— award of attorney fees—insufficient findings**

In an action for divorce from bed and board, the trial court erred in awarding attorney's fees where it failed to make the required findings of fact upon which a determination of the reasonableness of the fees could be based, and where the issues of dependency and the amount of alimony had been vacated.

---

---

APPEAL by plaintiff from *Martin (Jerry), Judge.* Judgment entered 30 November 1982 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 8 December 1983.

On 23 July 1982, the plaintiff-husband instituted this action for absolute divorce on the ground of a one year separation, alleging that the parties separated on 4 July 1981. The defendant-wife filed an answer denying the period of separation and counterclaimed for divorce from bed and board, permanent alimony and attorney's fees. As grounds for a divorce from bed and board and alimony, defendant alleged abandonment, adultery and indignities. Neither party demanded a trial by jury and the matter was heard and decided by the presiding judge. Plaintiff appeared *pro se* and defendant was represented by counsel. The court denied plaintiff's request for absolute divorce; granted defendant's request for divorce from bed and board; and awarded her permanent alimony and attorney's fees. From that portion of the judgment awarding defendant divorce from bed and board, alimony and attorney's fees, plaintiff appeals.

*Turner, Enochs and Sparrow, P.A., by Betty J. Pearce, for plaintiff appellant.*

*Harrington, Stultz and Maddrey, by J. Hoyte Stultz, Jr., for defendant appellee.*

JOHNSON, Judge.

Evidence adduced at trial pertinent to defendant's counterclaim and this appeal showed the following: plaintiff Dewey Roberts and defendant Avis Roberts were married to each other on 25 June 1981. After a one day honeymoon they returned to live with Avis' mother in her mother's home in Eden, North Carolina. Dewey also owned a house in Eden. They lived together as man and wife in the home of Avis' mother for the ten day period immediately after their wedding and then separated. After a two week separation, they reunited and resumed living together for a time, after which they again separated. The parties reunited once again on about 13 August 1981. Thereafter, they lived together off and on until 5 November 1981 when Dewey, without justification, abandoned Avis.

Each separation of the parties was brought about by Dewey leaving Avis' mother's home and going to live in the house he owned. Each time they separated, Dewey refused to allow Avis to accompany him. During the times when Dewey returned to his own house, he lived there together with either Debra Proffitt or Barbara Travis. On 22 August 1981, Dewey physically abused Avis by slapping her.

Avis is unemployed and continues to live with her mother and is without resources or estate from which to provide herself with the necessities of life. Her weekly expenses, as found by the trial court, are $15 for food, $20 for shelter, $7.50 for medical needs and $10 for clothes and miscellaneous items. Dewey is employed and earns $300 per week.

First, the plaintiff husband contends that the evidence was insufficient to support the court's findings and conclusions of indignities, abandonment and adultery as grounds for the allowance of divorce from bed and board and alimony.

A trial court's findings of fact are conclusive on appeal where there is some evidence to support those findings. *Worthington v. Worthington*, 27 N.C. App. 340, 219 S.E. 2d 260 (1975), *disc. rev. denied*, 289 N.C. 142, 220 S.E. 2d 801 (1976).

### Indignities

[1] The evidence upon which defendant relies to establish indignities, and upon which the court based its finding and conclusion, is that on 22 August 1981, plaintiff physically abused defendant by slapping her. Plaintiff argues condonation in defense. Condonation is a specific affirmative defense and must be alleged and proved by the party insisting upon it. *Cushing v. Cushing*, 263 N.C. 181, 139 S.E. 2d 217 (1964). Plaintiff neither alleged nor raised the defense of condonation at the trial level. Therefore, the court properly considered only the evidence that plaintiff physically abused defendant on 22 August, and that evidence is sufficient to support the court's finding and conclusion that plaintiff offered indignities to the defendant which rendered her condition intolerable and her life burdensome.

## Abandonment

[2]   Plaintiff argues that the evidence is insufficient to support the court's finding of abandonment. We disagree. Although abandonment within the meaning of G.S. 50-7(1) is not subject to an all-embracing definition, one spouse abandons the other, within the meaning of the law, where he wilfully brings their cohabitation to an end without justification, without the consent of the other spouse, and without an intent to renew it. *Richardson v. Richardson*, 268 N.C. 538, 151 S.E. 2d 12 (1966). The evidence is undisputed that on 5 November 1981, Dewey wilfully ceased living with Avis without justification and without her consent and without an intent to renew their marital relationship. This evidence supports the court's finding and conclusion that plaintiff abandoned defendant on 5 November.

## Adultery

[3]   Plaintiff argues that the trial court erred in admitting into evidence defendant's testimony that on the occasions plaintiff abandoned her he would move into his house and live there alternately with Debra Proffitt or Barbara Travis. Plaintiff contends this testimony clearly implies acts of adultery and was, therefore, inadmissible under G.S. 50-10.

G.S. 50-10 provides, in pertinent part, that in a divorce proceeding, neither the husband nor wife shall be a competent witness to prove the adultery of the other. This Court has held that testimony by a wife concerning her husband's relationship with another woman is inadmissible under G.S. 50-10 when it clearly implies an act of adultery, even though the words "adultery" or "intercourse" are not used, but that when there is no clear implication of intercourse, the testimony is admissible. *Spencer v. Spencer*, 61 N.C. App. 535, 301 S.E. 2d 411, *disc. rev. denied*, 308 N.C. 678, 304 S.E. 2d 757 (1983); *Horner v. Horner*, 47 N.C. App. 334, 267 S.E. 2d 65, *disc. rev. denied*, 301 N.C. 89, 273 S.E. 2d 297 (1980). In *Horner* we held that testimony by the wife that she had undressed in front of other men clearly implied an act of adultery and was inadmissible under G.S. 50-10. In *Phillips v. Phillips*, 9 N.C. App. 438, 176 S.E. 2d 379 (1970), we held that testimony by a husband that he caught his wife in the woods with a man clearly

implied an act of adultery and was properly excluded under G.S. 50-10.

Under the facts of the case *sub judice*, we hold that defendant's testimony that on the occasion that Dewey left Avis and moved into another house and lived with another woman, while refusing to allow his wife to accompany him, presents facts tending to imply that Dewey committed an act of adultery and was, therefore, inadmissible under G.S. 50-10. However, although the trial judge erred in the admission of this testimony, the error was not prejudicial to plaintiff in light of the evidence supporting the court's findings and conclusions on the issues of abandonment and indignities, which issues effectively established the rights of the parties. *Mode v. Mode*, 8 N.C. App. 209, 174 S.E. 2d 30 (1970).

[4] Next, plaintiff contends the court erred in finding and concluding that defendant is the dependent spouse and plaintiff is the supporting spouse.

G.S. 50-16.1(3) defines "dependent spouse" as a spouse who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse. G.S. 50-16.1(4) defines "supporting spouse" as a spouse upon whom the other spouse is actually substantially dependent or from whom such other spouse is substantially in need of maintenance and support.

The case of *Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980) is the leading case concerning the meaning of the terms "dependent spouse" and "supporting spouse" and lists the following relevant circumstances that the trial court must consider in determining dependency.

(2) The incomes and expenses measured by the standard of living of the family as a unit must be evaluated from the evidence presented. If this comparison reveals that one spouse is without means to maintain his or her accustomed standard of living, then the former would qualify as the dependent spouse under the phrase "actually substantially dependent." G.S. 50-16.1(3).

(3) If the comparison does not reveal an *actual* dependence by one party on the other, the trial court must then determine if one spouse is "substantially in need of maintenance and sup-

port" from the other. In so doing these additional guidelines should be followed:

(A) The trial court must determine the standard of living, socially and economically, to which the parties *as a family unit* had become accustomed during the [marriage] prior to their separation.

(B) It must also determine the present earnings and prospective earning capacity and any other "condition" (such as health and child custody) of each spouse at the time of hearing.

(C) After making these determinations, the trial court must then determine whether the spouse seeking alimony has a demonstrated need for financial contribution from the other spouse in order to maintain the standard of living of the spouse seeking alimony in a manner to which that spouse became accustomed during the last several years prior to separation. This would entail considering what reasonable expenses the party seeking alimony has, bearing in mind the family unit's accustomed standard of living.

(D) The financial worth or "estate" of both spouses . . .

\*    \*    \*

. . . [T]he length of a marriage and the contribution each party has made to the financial status of the family . . . (Emphasis original.)

In determining the issue of dependency, the trial court in the case *sub judice,* found that defendant was "substantially in need of maintenance and support" rather than "actually substantially dependent." Therefore, the trial court was required to make factual findings sufficiently specific[1] to indicate that the trial judge properly considered

(a) the incomes and expenses of the parties as a family unit;

---

1. G.S. 1A-1, Rule 52(a) requires specific findings of the ultimate facts established which are determinative of the questions involved in the action and essential to support the conclusions of law reached.

(b) the standard of living, socially and economically, to which the parties as a family unit had become accustomed during marriage prior to separation;

(c) the present earnings and prospective earning capacity and any condition such as health and child custody of each spouse at the time of hearing;

(d) bearing in mind the family unit's accustomed standard of living, defendant's reasonable expenses;

(e) the financial worth or estate of both plaintiff and defendant; and

(f) the length of the marriage and the contribution each party made to the financial status of the family unit during marriage prior to separation.

The trial court's findings are deficient because there are no findings to indicate that the court considered (1) plaintiff's expenses, (2) the standard of living to which the parties as a unit became accustomed during their marriage prior to the 5 November 1981 abandonment, and (3) the length of the marriage and contribution of each party to the financial status of their unit during marriage prior to plaintiff abandoning defendant on 5 November 1981.

In view of the deficiencies stated, we are compelled to vacate the court's judgment on the issue of dependency. Also, in view of the holding of the *Williams* court that in defining dependency, G.S. 50-16(3) must be read *in pari materia* with G.S. 50-16.5 (the statute for determining alimony), we must vacate that portion of the judgment setting the amount of alimony.

[5]   By his final assignment of error, plaintiff contends the court erred in awarding defendant her attorney's fees. As a prerequisite for determination of an award of counsel fees, defendant must be entitled to the relief demanded, must be a dependent spouse and must have insufficient means to defray the necessary expense in prosecuting her claim. G.S. 50-16.4; *Powell v. Powell,* 25 N.C. App. 695, 214 S.E. 2d 808 (1975). In light of our holding vacating the issues of dependency and the amount of alimony, we must also vacate the award of attorney's fees and remand the case for a new hearing on these three issues. The trial court also

failed to make the required findings of fact upon which a determination of the reasonableness of the fees can be based. *Brown v. Brown,* 47 N.C. App. 323, 267 S.E. 2d 345 (1980).

In summary, we affirm the court's determination of the existence of indignities and abandonment as grounds for an award of alimony and divorce from bed and board; we vacate the court's determination of dependency, the amount of alimony awarded, and the award of attorney's fees and remand the case for a new hearing on the issue of dependency and the issues of the amount of alimony and attorney's fees, if any, to be awarded.

Affirmed in part, vacated in part and remanded.

Judges ARNOLD and PHILLIPS concur.