STATE OF NORTH CAROLINA v. LACY KEYSER JACKSON

No. 8520SC371

(Filed 19 November 1985)

**Criminal Law § 82— clergy-communicant privilege**
> In a prosecution for rape and burglary, the clergy-communicant privilege of G.S. 8-53.2 was violated by the admission of testimony by defendant's aunt, who was also a minister and the victim's mother, that defendant admitted his guilt to her during a visit with him in jail where the aunt initiated the visits to defendant and asked him about the crimes, she approached defendant as a close relative and minister, defendant's admission came after they had prayed together, and the comfort and encouragement the aunt gave defendant can fairly be described as spiritual counsel.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 7 December 1984 in Superior Court, MOORE County. Heard in the Court of Appeals 17 October 1985.

Defendant was indicted for rape and burglary. The State's evidence tended to show that defendant broke into his cousin's mobile home at night and forcibly had sex with her against her will. The jury found defendant guilty of first degree burglary and second degree rape. From judgment entered on the verdict, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Richard L. Griffin, for the State.*

*Sherwood F. Lapping for defendant, appellant.*

WEBB, Judge.

Defendant's sole assignment of error is that the trial court erred in allowing Lillian Kerns to testify with respect to statements made by defendant. Lillian Kerns is the mother of the victim. She is also the defendant's aunt, and a minister. Mrs. Kerns visited defendant several times while he was in jail. She testified in court that defendant admitted his guilt to her during these visits. Defendant now contends the admission of this testimony violated the clergy-communicant privilege of G.S. 8-53.2.

G.S. 8-53.2 provides:

> No priest, rabbi, accredited Christian Science practitioner, or a clergyman or ordained minister of an established church shall be competent to testify in any action, suit or proceeding concerning any information which was communicated to him and entrusted to him in his professional capacity, and necessary to enable him to discharge the functions of his office according to the usual course of his practice or discipline, wherein such person so communicating such information about himself or another is seeking spiritual counsel and advice relative to and growing out of the information so imparted, provided, however, that this section shall not apply where communicant in open court waives the privilege conferred.

Defendant did not waive the privilege in open court. The dispositive issue is whether he was "seeking spiritual counsel" and speaking to Kerns in her professional capacity.

Mrs. Kerns' uncontradicted testimony indicates that she initiated the visits to defendant while he was in jail, that she asked him about the crimes, and that she sought to comfort him. She approached him both as a close relative and as a minister: "I felt somewhat like a mother to him, and of course, like a Pastor. I was trying to see his feelings and try [sic] to encourage him." Defendant responded to Kerns' efforts, in her dual capacity as relative and minister, to ease his depression. "At first he denied it. I said

okay so we would just have to keep on praying. Then of course during the last time — second to the last time I talked to him he admitted — he said, 'I did it.' "

It is impossible to determine to what extent defendant confided in Kerns as a relative and to what extent as a minister. However, she was acting at least in part in her professional capacity. His admission came after they prayed together. The comfort and encouragement she gave him can fairly be described as spiritual counsel. In these circumstances the privilege of G.S. 8-53.2 applies. This situation is no less compelling than the only reported case under the current version of the statute, *Spencer v. Spencer*, 61 N.C. App. 535, 301 S.E. 2d 411, *disc. rev. denied*, 308 N.C. 678, 304 S.E. 2d 757 (1983). In *Spencer* the statute was held to bar a minister's testimony concerning statements made to him during marriage counseling sessions. The statements of a defendant seeking forgiveness and solace from a minister deserve no less protection, even if the minister is also a relative.

New trial.

Judges JOHNSON and PHILLIPS concur.