PIEDMONT WAGON COMPANY v. JOHN BOSTIC, et al.

*Continuance—Discretion of Trial Judge—Appeal.*

The matter of granting or refusing a continuance of a cause for trial rests in the discretion of the trial judge, and the exercise of such discretion is not reviewable on appeal in the absence of gross abuse.

This was a CIVIL ACTION, tried by *Timberlake, J.*, and a jury, at Fall Term, 1895, of RUTHERFORD Superior Court, upon complaint, answer and issue. When the case was called for trial, plaintiff announced its readiness, and defendants asked for a continuance, and offered an affidavit of John Bostic and certificate of Frank Bright, M. D. *Contra*, it appeared that affidavit of defendants failed to state that the facts upon which their application was grounded came to his knowledge too late to allow them to apply for a continuance as provided. (Sec. 401, Clark's Code; 227 C. C. P.; *The Code*, 401.) Further, that the action was on two notes, the execution of which defendants admitted in their answer, and the defendants, by let-

ters written plaintiff, had recognized their liability therefor. Further, that this was third term at which cause had been at issue, and that plaintiff's secretary, Mr. Dixon, had attended three terms of this court as a witness in the case. It further appeared that John Bostic, one of the defendants, was present in court, and that he had personal knowledge of all the facts which they proposed to prove by the absent parties and that their testimony would only be corroborative. The court first found on the evidence that the ends of justice did not demand a continuance, and refused motion of defendants, and defendants excepted and appealed. Court here stated that if defendants would pay all costs of case, and include in it the expenses of plaintiff's secretary, Mr. Dixon, -attendance at this term, he would continue case for them. Defendants declined to accept these terms, and court proceeded to trial. There was a verdict and judgment for plaintiff. Defendants moved to set aside verdict upon grounds that court erred in the exercise of discretion in forcing defendants to trial, which was the only exception made during trial. Motion denied. Defendants appealed.

*Messrs. McBrayer & Eaves,* for defendants (appellants). No counsel, *contra.*

CLARK, J.: Continuances are not favored by the law. One of the immortal provisions of *Magna Charta* is that justice shall neither be delayed nor denied, and these are coupled together, for a delay of justice is often a denial of justice. Still, there are cases in which a continuance should be granted in the interest of justice. *The Code,* Section 401, prescribes that the application, if possible, shall always be made thirty days before the trial term, and that " the applicant shall in all cases pay the cost of the

application." The next Section, (402,) permitting a continuance to be granted at term, prescribes, among other requisites, that unless the affidavit shall set out that the grounds for a continuance arose or came to the knowledge of the applicant too late to apply before the term, as prescribed in Section 401, " and that the application was made as soon as it reasonably could be after knowledge of such facts," the continuance " shall not be granted except on the terms of the payment of the cost in the action for the term." These Sections, in the judgment of the Legislature, not being sufficient to protect litigants against the " law's delay," which the dramatist enumerates as one of the great ills which " flesh is heir to "—the Act of 1885, Ch. 384, was passed, permitting counter-affidavits to be offered and prohibiting the judge to allow any continuance " unless he shall be satisfied, after thorough examination of the evidence as aforesaid, that the ends of justice demand it." If left in doubt he must refuse the continuance. It has often been held that the matter of granting or refusing a continuance was not appealable. See cases cited in Clark's Code (2nd. Ed.) p. 368. Certainly, it must be a very gross abuse which would authorize an appeal in such cases. Here, not only was there no abuse of power, but in the light of the above statutes His Honor ought not to have granted the continuance.

Appeal Dismissed.