SANDRA ASHLEY, GUARDIAN OF LURA EDITH DELP v. HOBERT DELP AND
WIFE, CLYDE DELP

No. 8123SC1336

(Filed 7 December 1982)

1. **Rules of Civil Procedure § 42— severance of issues for separate trials—discretion of court**

   The severance of issues for separate trials is in the trial court's discretion, and its decision will not be reviewed absent abuse of discretion or a showing that the order affects a substantial right.

2. **Evidence § 43— opinion of mental competency of ward—absence of contact with ward—harmless error**

   The admission of opinion testimony as to the competency of plaintiff's ward on the date she executed a deed by witnesses who had not had contact with the ward in close proximity to execution of the deed was not prejudicial error where such testimony was merely cumulative in that it was consistent with proper testimony by other witnesses who had been with the ward on the date she executed the deed or within a month thereof and who had known her for twenty to forty years.

3. **Evidence § 43— mental capacity of grantor—propriety of questions**

   Questions asked witnesses regarding the mental capacity of a grantor to execute a deed sufficiently inquired into the opinion of each witness as to whether the grantor had the ability to understand the nature and consequences of her acts.

4. **Evidence § 12— testimony not violation of husband-wife privilege**

   In an action to set aside a deed by plaintiff's ward, testimony by defendant's estranged wife concerning the relationship and transactions between the witness and the ward and between defendant and the ward did not violate the husband-wife privilege of G.S. 8-56.

5. **Cancellation and Rescission of Instruments § 3— rescission of deed for mental incapacity of grantor**

   Plaintiff's evidence was sufficient to support rescission of a deed from plaintiff's ward on the ground that the ward was mentally incompetent on the date of the conveyance.

6. **Cancellation and Rescission of Instruments § 9.1— rescission of deed—mental incapacity—relevancy of unexecuted trust agreement**

   In an action to set aside a deed from plaintiff's ward on the ground of mental incapacity, an unexecuted trust agreement under which defendant was to be trustee of certain property belonging to the ward and which provided specific powers to the trustee effective in the event of institutionalization of the ward was relevant to show defendant's state of mind concerning the ward's mental capacity.

**7. Conspiracy § 2.1— civil conspiracy—insufficiency of evidence**

  The trial court properly directed a verdict against defendant on his claim against plaintiff and his codefendant for injuries allegedly resulting from their conspiracy in bringing an action to set aside a deed from plaintiff's ward to defendant on the ground of mental incapacity.

APPEAL by defendant Hobert Delp from *Davis, Judge.* Judgment entered 25 August 1981 in Superior Court, ALLEGHANY County. Heard in the Court of Appeals 22 September 1982.

Plaintiff was appointed guardian of Lura Edith Delp, sister of defendant Hobert Delp, after judicial determination that her ward was incompetent. She instituted this action seeking rescission on the ground, among others, that her ward was incompetent on the date of conveyance, of a deed by which her ward had conveyed real property to defendants, the ward's brother and his wife.

The court directed a verdict against defendant Hobert Delp on his cross-claim against defendant Clyde Delp and his counterclaim against plaintiff. The jury found plaintiff's ward incompetent at the time of conveyance, and the court entered judgment setting aside the deed.

Defendant Hobert Delp (hereafter "appellant") appeals.

*Dan R. Murray for plaintiff appellee.*

*Franklin Smith for defendant appellant Hobert Delp.*

*Vannoy & Reeves, by Jimmy D. Reeves, for defendant appellee Clyde Delp.*

WHICHARD, Judge.

I.

Plaintiff's ward is the sister of appellant. In 1966 a psychologist examined her and determined that she had an intelligence quotient of 44.

The ward lived with her parents until her mother's death in 1966 and her father's death in 1968. She never married or held a job outside the home, though she did perform simple tasks about the house for her parents.

Approximately six months after her father's death the ward moved to a house across the road from appellant and his wife to

Ashley v. Delp

enable them to care for her. In 1972 she began living in a mobile home in their yard.

The father of appellant and of the ward devised his real property to appellant, the ward, and the surviving children of a deceased son. On 6 May 1976 the ward executed a warranty deed conveying her interest to defendants, appellant and his wife. In January 1979 defendants separated, and on 5 February 1979 the ward was placed in a nursing center.

A psychologist with the North Carolina Division of Social Services examined the ward on 28 August 1979, and her observation and tests indicated the ward was not mentally competent. On 31 October 1979 the ward was judicially declared incompetent, and plaintiff became her legal guardian. Plaintiff, as guardian, instituted this action to recover the real property which her ward had deeded to defendants.

In his answer, in addition to defending the conveyance on the ground of the ward's competency, appellant (1) cross-claimed against his wife to have their deed of separation set aside, or, alternatively, to recover a sum of money on the ground that this action created a cloud on the title to property conveyed by that contract; (2) cross-claimed against his wife and counterclaimed against plaintiff for injuries from their alleged conspiracy in bringing this action; and (3) counterclaimed against plaintiff for monies allegedly due him for services rendered to her ward and betterments placed on her ward's property. The trial court severed the issues and limited trial to plaintiff's action to set aside the deed and appellant's conspiracy claim.

## II.

Appellant contends this severance of issues was prejudicial error. Before submission of the case to the jury, he entered a voluntary dismissal as to his claim for betterments; and he does not contend that severance of these claims was error. The only error asserted is severance of his claim concerning the deed of separation.

[1] The severance of issues for separate trials is in the trial court's discretion, and its decision will not be reviewed absent abuse of discretion or a showing that the order affects a substantial right. *Insurance Co. v. Transfer, Inc.*, 14 N.C. App. 481, 484, 188 S.E. 2d 612, 614 (1972). The appellant must show that he suf-

fered injury or prejudice from the severance. *See In re Moore*, 11 N.C. App. 320, 322, 181 S.E. 2d 118, 120 (1971). Appellant here has not shown injury or prejudice from the severance, and no abuse of discretion appears.

### III.

[2] Appellant contends the court erred in allowing certain witnesses to testify concerning the ward's competency on the date she executed the deed. The first basis for the contention is that these witnesses had not seen or talked with the ward for as long as eight years prior to, or three years after, the time at which she executed the deed; and that this evidence thus was too remote to justify the inference that she was in the same condition when she executed the deed as when observed by the witnesses.

A witness may give his opinion of a person's mental condition on a given date when the witness has had sufficient opportunity to observe the person within a reasonable time before or after the date in question. *Moore v. Insurance Co.*, 266 N.C. 440, 448, 146 S.E. 2d 492, 499 (1966). "Evidence of mental condition before and after the critical time is admissible, provided it is not too remote to justify an inference that the same condition existed at the latter time." 1 *Brandis on North Carolina Evidence*, § 127, pp. 490-91 (2d rev. ed. 1982).

Prior to introduction of the evidence to which error is assigned, three witnesses had testified that they had been with the ward on the date she executed the deed or within a month thereof; that they had known her for 20 to 40 years; that in their opinion she was capable of performing simple tasks, but lacked mental and physical ability to care for herself properly; and that her mental condition had remained essentially the same during all the years they had known her. The subsequent testimony, from witnesses who had not had contact with the ward in close proximity to execution of the deed, was basically of the same import, *i.e.*, that their observation indicated that she was mentally and physically capable of caring for herself only to a very minimal extent. Because this testimony was merely cumulative, we find no prejudice in its admission. The last witness to whose testimony appellant assigns error was a psychologist, qualified as an expert, who discussed his evaluation and testing of the ward and opined that her mental deficiency was ongoing in nature. In light of the

consistency of his testimony with other, properly admitted, evidence, its admission was not prejudicial error. *See Winborne v. Lloyd,* 209 N.C. 483, 486, 183 S.E. 756, 757-58 (1936).

[3] The second basis for this contention relates to the form of the question by which these witnesses were asked their opinion. The question to each was,

> . . . based upon your acquaintance with and observation of [the ward], do you have an opinion satisfactory to yourself as to whether or not [the ward] had sufficient mental capacity to understand the nature and consequences of her act in signing a deed on May 6, 1976, which said deed had the intended effect of conveying her interest in certain real property to the defendants?

No particular form is required for a question regarding mental capacity to execute a deed. *See Goins v. McLoud,* 231 N.C. 655, 658, 58 S.E. 2d 634, 636-37 (1950); *Ludwig v. Hart,* 40 N.C. App. 188, 191, 252 S.E. 2d 270, 273, *disc. rev. denied,* 297 N.C. 454, 256 S.E. 2d 807 (1979). The test is whether the question sufficiently inquires as to the witness' opinion of whether the grantor had the ability to understand the nature and consequences of her act. *Id.* The question here met that test.

IV.

[4] Appellant next contends the court erred by allowing his estranged wife, defendant Clyde Delp, to testify in violation of G.S. 8-56. This testimony did not relate to confidential communications between the witness and her husband during their marriage, however, but to the relationship and transactions between the witness and the ward and between defendant and the ward. There thus was no error in admitting it.

At one point in her testimony this witness did state, in an unresponsive answer, that the ward had been placed in a rest home because appellant had been an unfaithful husband. In light of the court's sustention of the motion to strike this statement, and of its caution to the jury not to consider it as to any problems between the witness and her husband, there was no abuse of discretion in the denial of appellant's motion for mistrial. *Apel v. Coach Co.,* 267 N.C. 25, 31, 147 S.E. 2d 566, 570 (1966); *Clemons v. Lewis,* 23 N.C. App. 488, 489-90, 209 S.E. 2d 291, 292 (1974).

## V.

[5] Appellant's contention that the court erred in denying his motion for directed verdict at the close of plaintiff's evidence is without merit. Viewed in the light most favorable to the party opposing the motion, evidence of the ward's mental incapacity on 6 May 1976 was more than sufficient to withstand directed verdict.

## VI.

Appellant's contention that the ward's original claim to the property she conveyed was based on a faulty chain of title due to vagueness of the description in the devise from her father is not relevant to this action.

## VII.

Appellant asserts prejudicial error in certain evidentiary rulings which he argues prevented his witnesses from testifying as to the ward's mental competency and the facts surrounding her execution of the deed. Each witness asked an opinion of the ward's mental competency was allowed to answer. The court properly sustained objections when answers would have violated the hearsay rule and, in instances concerning preparation and execution of the deed, would have violated the attorney-client privilege between the ward and her attorney. It was equally correct in not allowing appellant to testify regarding certain communications between him and his estranged wife. G.S. 8-56.

We find no error in the rulings complained of.

## VIII.

We also find no error in exclusion of certain of appellant's exhibits. Three of these exhibits were documents relating to the separation between the defendants, an issue raised in the pleadings but severed before trial. Another was a deed from defendants to their son which was irrelevant to the issues at trial.

## IX.

[6] We also find no error in the introduction by plaintiff of an unexecuted Trust Agreement, prepared at the request of appellant, under which appellant was to be trustee of certain property belonging to the ward. The document provided specific powers to the trustee effective in the event of institutionalization

of the ward. It was relevant to appellant's state of mind concerning the ward's mental capacity.

## X.

[7] Appellant contends the court erred in directing a verdict in favor of plaintiff and defendant Clyde Delp on the alleged claim for conspiracy. Citing *Burns v. Oil Corporation*, 246 N.C. 266, 271-72, 98 S.E. 2d 339, 343 (1957), he acknowledges that the gist of an action for civil conspiracy lies in the presence of an overt act or acts committed by one or more of the conspirators according to the conspiracy plan and in furtherance of its purpose. While recognizing the basis of such a claim, however, he fails to point to any evidence to substantiate an overt act performed according to the alleged conspiracy. We find the directed verdict proper.

## XI.

Appellant asserts error in the jury instructions. He first objects that portions of the charge conveyed to the jury that the will of the ward's father was an authentic devise to her, a circumstance which appellant disputes. We find no prejudicial error, since the validity of the will was not at issue.

Nor do we find error in the recitation of plaintiff's evidence. The court stated that the "evidence for the plaintiff . . . tended to show" that psychologists had determined the ward to be mentally incompetent, that a jury had judged her to be incompetent, and that prior to the making of the deed in 1976 she was not of sufficient mental capacity to execute the deed. It then charged that this "is what some of the evidence for the plaintiff tends to show. . . . [W]hat it does show is for you and you, alone, to say and determine . . . ." It then recapitulated the evidence for appellant and stated that it tended to show that "[the ward's] mental capacity was such that she was able to make a deed." We find this a fair and impartial recitation of the evidence for all parties.

The court did err when it referred to the conveyance as comprising 100 acres. This error had no prejudicial effect as to the issue of the mental competency of the ward to execute a deed on 6 May 1976, however.

We find no error in the court's explanation of the legal definition of mental capacity to execute a deed as applied to the facts of this case.

## XII.

Appellant finally challenges the allowance of expert witness fees for two psychologists who testified for plaintiff. Appellant did not object when the first witness was received as an expert. We conclude that both were properly received as experts, and that allowance of expert witness fees was proper.

We find the trial free of prejudicial error. The judgment is

Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.