LINDA J. CAPPS v. WILLIAM C. CAPPS

No. 8328DC795

(Filed 7 August 1984)

**Divorce and Alimony § 21.9— equitable distribution of marital property**
    The trial court erred in failing to make an equitable distribution of the marital property of the parties upon defendant's proper demand therefor. G.S. 50-20(f); G.S. 50-21(a).

APPEAL by defendant from *Fowler, Judge.* Judgment entered 11 October 1982 in District Court, BUNCOMBE County. Heard in the Court of Appeals 3 May 1984.

The parties married in 1966 and separated in May, 1981. In December, 1981, plaintiff, alleging adultery and cruelty, sued for alimony, custody of their four children, possession of the family home, and support for the children; and before answer was filed, a *pendente lite* order was entered awarding plaintiff alimony of $100 a month, custody of the children, possession of the house, $300 a month child support, and requiring defendant to also pay the house mortgage payments in the amount of $300 a month, and to pay $250 on plaintiff's attorney's fees. Defendant later answered and counterclaimed for custody and possession of the house, alleging plaintiff's abandonment; and in a subsequent action in the same court, defendant sued plaintiff for an absolute divorce and equitable distribution of the marital property. Plaintiff admitted all the allegations in the divorce complaint and the

decree was granted on June 24, 1982; but the equitable distribu-
tion claim was left open pending the determination of plaintiff's
right to permanent alimony in this case. On 21 September 1982,
following a trial, the jury found that defendant had committed
adultery; and on 28 September 1982 the judge held a hearing on
the alimony and equitable distribution issues. Incident thereto,
the parties listed the articles each or both owned and the value of
some of them; and they agreed, by consent judgment, filed with
and approved by the court, that except for a car that each party
owned, the other articles owned by them were owned equally.
The judge then entered a permanent alimony and child support
order that was the same as the *pendente lite* order except that
defendant was required to pay an additional $300 on the fee of
plaintiff's attorney. But no order of equitable distribution was
made.

*Riddle, Shackelford & Hyler, by John E. Shackelford, for
plaintiff appellee.*

*C. David Gantt for defendant appellant.*

PHILLIPS, Judge.

The trial court's failure to equitably distribute the marital
property of the parties requires the vacation of the permanent
alimony and child support order appealed from and the return of
this matter to the Buncombe County District Court for further
proceedings in compliance with the Equitable Distribution Act.
Under that Act, when a party to a divorce action seeks equitable
distribution, the trial judge is required to accomplish it upon the
divorce being entered. G.S. 50-20(f) provides:

> The court shall provide for an equitable distribution
> without regard to alimony for either party or support of the
> children of both parties. After the determination of an equi-
> table distribution, the court, upon request of either party,
> shall consider whether an order for alimony or child support
> should be modified or vacated pursuant to G.S. 50-16.9 or
> 50-13.7.

G.S. 50-21(a), in pertinent part, provides:

Upon application of a party to an action for divorce, an equitable distribution of property shall follow a decree of absolute divorce.

The mandate could not be clearer or less equivocal. Equitable distribution, when properly demanded, must be granted upon the divorce decree being entered; and if alimony and child support has not been previously awarded, equitable distribution must be made first; but if alimony or child support has already been awarded, the awards must be reconsidered upon request after the marital property has been equitably distributed. This order of events is required, no doubt, because of the obvious relationship that exists between the property that one has and his or her need for support and the ability to furnish it.

The court's failure to accomplish equitable distribution may have been due to its impression that the marital property was being distributed between the parties by mutual written agreement, which our law still permits either "[b]efore, during or after marriage." G.S. 50-20(d). But the consent judgment supposed to accomplish distribution merely recites that:

1. That all of the property owned by the Plaintiff and the Defendant is equally owned by both parties, with the exception of the automobiles, and the Plaintiff shall have the Buick automobile which is in his possession and the Defendant shall have the automobile that is in her possession.

Except for the two automobiles referred to, this agreement and judgment did not accomplish a distribution of the property that the parties owned; which, according to the record, includes three other automobiles, a four bedroom home worth about $75,000, various articles of household furniture and equipment, and some jewelry and guns. It merely established that the properties just referred to are owned equally by the parties. Whereas, to equitably distribute property, as the Act makes plain, it is necessary to at least (1) identify the property owned; (2) evaluate it; and (3) order its distribution. The identification and evaluation of their property can readily be completed by the court from the evidence now before it; but the distribution of it has not yet been attempted. In making the mandated distribution it will, of course, be necessary for the court to consider the matters and make the

findings required by the Act. And after that is done, the plaintiff's needs for alimony and child support and the defendant's ability to pay them will have to be re-evaluated as the Act requires.

Vacated and remanded.

Judges HEDRICK and ARNOLD concur.