LYNWOOD E. SPENCE v. BARBARA F. SPENCE JONES

No. 8612DC210

(Filed 7 October 1986)

**1. Trial § 3.2— equitable distribution—denial of continuance**

The trial court did not err in denying defendant's motion for a continuance of an equitable distribution proceeding made on the grounds that defendant thought the hearing was limited to a pretrial conference and that defendant needed until the following week to obtain certain information vital to her cause where the case had been removed from the calendar on four or five prior occasions and where the information sought by defendant was available through witnesses present at the hearing.

**2. Divorce and Alimony § 30— equitable distribution—failure to show dissipation of marital assets**

Defendant's offer of proof was insufficient to overcome the presumption that she consented to plaintiff's withdrawals of funds from a joint account or to show that plaintiff dissipated marital assets prior to separation where defendant merely showed that funds withdrawn from the joint account exceeded expenses of the family, but there was no showing as to which spouse made particular withdrawals on specific dates or that plaintiff made non-marital use of withdrawn funds.

**3. Divorce and Alimony § 30— equal division of marital property—failure to find statutory factors**

Failure of the court to make findings regarding the twelve factors set out in N.C.G.S. § 50-20(c) is not error when the court orders an equal division of the marital property.

**4. Divorce and Alimony § 30— equitable distribution—remand for amendment of judgment**

Cause is remanded to the trial court to amend the decretal portion of an equitable distribution judgment to include the disbursement of a credit union account to plaintiff husband where the decretal portion of the judgment did not mention the account but the transcript of the court's oral order shows that the court ordered the account to "be the sole and separate property of the plaintiff."

APPEAL by defendant from *Hair, Judge*. Judgment signed 5 December 1985, *nunc pro tunc* 25 September 1985, in District

Court, CUMBERLAND County. Heard in the Court of Appeals 20 August 1986.

   Plaintiff instituted this action 14 May 1984 by filing a complaint seeking an absolute divorce based on a year's separation and an equitable distribution of the marital assets. On 29 May 1984 defendant answered and asserted a counterclaim seeking an equitable distribution of the marital property. On 15 May 1984, plaintiff's motion for an order severing plaintiff's claims for an absolute divorce and equitable distribution was granted. On 25 June 1984 plaintiff was granted an absolute divorce from defendant. On 24 and 25 September 1985, the court heard the parties' equitable distribution claim. The court concluded that an equal division of the marital assets was equitable and entered judgment accordingly. Defendant appeals.

   *Harris, Sweeny & Mitchell, by Ronnie M. Mitchell, for plaintiff appellee.*

   *Beaver, Thompson, Holt & Richardson, P.A., by F. Thomas Holt, III, for defendant appellant.*

   JOHNSON, Judge.

[1]   In defendant's first Assignment of Error she contends that the court erred in denying defendant's motion for a continuance. We do not agree.

   Rule 40(b), N. C. Rules Civ. P., states, in pertinent part, "A continuance may be granted only for good cause shown and upon such terms and conditions as justice may require." "The motion must state the grounds therefor and must show good cause for the requested continuance." W. Shuford, N.C. Civil Practice and Procedure sec. 40-4 (2d ed. 1981). Continuances are addressed to the sound discretion of trial judges. *Shankle v. Shankle*, 289 N.C. 473, 483, 223 S.E. 2d 380, 386 (1976). Continuances are not to be favored, *Piedmont Wagon Co. v. Bostic*, 118 N.C. 758, 24 S.E. 525 (1896), and are not reviewable absent a manifest abuse of discretion, *State v. Williams*, 51 N.C. App. 613, 616, 277 S.E. 2d 546, 547-48 (1981).

   Here, defendant moved for a continuance in open court on the morning of 24 September 1985 when the matter was scheduled to be heard. Defendant presented the following grounds for a

continuance: (1) based upon a discussion with the court and plaintiff's counsel the prior day, defendant was of the understanding that the hearing at issue was limited to a pre-trial conference and had been informed only that morning that the trial was set for that day and (2) defendant needed until the next week to obtain certain information vital to her cause, to wit: information from Russ Davenport regarding the joint Merrill Lynch account, plaintiff's retirement rights, and the cash value of a $100,000.00 life insurance policy on plaintiff's life.

The court did not deny defendant's motion until it had explored the matter and ascertained the surrounding facts and circumstances as follows: the case had been removed from the calendar on four or five other occasions; plaintiff was present and ready to proceed; plaintiff, a commercial pilot, objected to rescheduling the hearing to the following week due to conflicts with his flight schedule; both parties had completed discovery; Russ Davenport, a stockbroker for Merrill Lynch, was present in court and could confer with defendant's counsel before the trial actually began and could testify at trial on defendant's direct examination regarding the parties' joint account at Merrill Lynch; the parties had stipulated that on the previous day, 23 September 1985, that plaintiff's retirement fund had no equity. The hearing did not begin until 4:00 p.m. and went into the following day, giving defendant most of that day and evening to prepare for what the court noted was not a complex case. At trial, plaintiff testified that the life insurance policy at issue was a term policy having no cash value. Clearly the court's denial of defendant's request for a continuance under these circumstances was not an abuse of discretion. This Assignment of Error is overruled.

[2] Defendant combines six Assignments of Error in her next argument, wherein she alleges that the court erred in excluding as not relevant testimony regarding various financial transactions by plaintiff prior to the parties' 11 May 1983 date of separation. After the court sustained plaintiff's objections, defendant offered, *inter alia*, the following evidence: that the parties' marital difficulties began the summer of 1981; that the parties received a $737.50 payment of interest on a municipal bond on 3 January 1983; that plaintiff withdrew $2,000.00 from the parties' joint ready asset account with Merrill Lynch on 11 January 1983, representing the $737.50 bond interest and $1,263.00 in ready asset

trust money; that plaintiff withdrew $500.00 from that same account on 10 February 1983; that plaintiff withdrew $850.00 from that account on 28 March 1983; that the difference between the parties' combined salaries between December 1982 through 11 May 1983, the date of separation, and the family's expenses of $2,068.99 per month equaled $12,981.01; that plaintiff withdrew a total of $6,500.00 from the parties' joint checking account between September 1981 through December 1981 and a total of $18,308.60 from that same joint checking account during 1982. All of this evidence came from the testimony of defendant and Russ Davenport of Merrill Lynch. Defendant stated to the court that she was offering the evidence for the purpose of establishing that plaintiff had dissipated marital assets in anticipation of separating. The court would not admit this evidence regarding marital funds, stating, "[T]he court will not consider any transfer of funds in an ordinary course of business before the separation on May the 11th, 1983" and "fault cannot be used . . . in an equitable distribution."

The record reveals that the court was working under a misapprehension of the law. The general rule is "marital fault or misconduct of the parties which is not related to the economic condition of the marriage is not germane to a division of marital property under [G.S.] 50-20(c) and should not be considered." *Smith v. Smith*, 314 N.C. 80, 87, 331 S.E. 2d 682, 687 (1985). However, fault which is related to the economic condition of the marriage may be considered. Fault or misconduct "which dissipates or reduces marital property for nonmarital purposes" is " 'just and proper' under N.C.G.S. sec. 50-20(c)(12)." *Id.* at 88, 331 S.E. 2d at 687.

An offer of proof must be specific and must indicate what the excluded evidence would have been. *Currence v. Hardin*, 296 N.C. 95, 249 S.E. 2d 387 (1978). Defendant contends that the offer of evidence showed that plaintiff "withdrew some $30,850.00 from joint assets for unexplained reasons." We find defendant's offer insufficient to show actual dissipation in anticipation of separation. "[A]bsent clear and convincing evidence to the contrary, creation of a spousal joint account should as a matter of law imply consent by each spouse to use by the other of funds from the account for purposes of sustaining the family or enhancing its standard of living." *McClure v. McClure*, 64 N.C. App. 318, 323, 307

S.E. 2d 212, 215 (1983), *disc. rev. denied,* 310 N.C. 308, 312 S.E. 2d 651 (1984). "Such consent is thus implied from her volitional creation of, and deposit of funds to, the joint account." *Id.* Here, defendant agreed to the creation of the joint account; she deposited her salary to the joint account. Defendant offered no evidence to show that plaintiff made non-marital use of funds. Defendant merely showed that the funds withdrawn exceeded the expenses of the family. Defendant admitted that the expenses excluded many items, such as costs for "any clothes, car gas, shoes, or anything—grooming or any of those items." Further evidence showed that defendant had equal access to the funds and that the record of withdrawals failed to indicate who of the two parties made a particular withdrawal on a given date.

In conclusion, defendant did not offer clear and convincing evidence that plaintiff alone withdrew the funds without defendant's consent and used the funds for purposes other than sustaining the family. Her offer of proof was insufficient to overcome the presumption that she consented to plaintiff's withdrawals or that plaintiff dissipated the marital assets prior to separation. This Assignment of Error is overruled.

In defendant's last argument she combines four Assignments of Error wherein defendant contends that the evidence is insufficient to support the findings of fact and the findings of fact are insufficient to support the conclusions of law.

Rule 10(a), N.C. Rules App. P., confines this Court's scope of review on appeal to consideration of those exceptions set out in the record on appeal or in the transcript.

> No exception not so set out may be made the basis of an assignment of error; and no exception so set out which is not the basis of an assignment of error may be considered on appeal. Provided, that upon any appeal duly taken from a final judgment any party to the appeal may present for review, by properly raising them in his brief, the questions whether the judgment is supported . . . by the findings of fact and conclusions of law, . . .  notwithstanding the absence of exceptions or assignments of error in the record on appeal.

Rule 10(a), N.C. Rules App. P.

Here, defendant did not note her exceptions to the findings of fact in the judgment nor base any assignments of error on the insufficiency of the evidence to support particular findings of fact. Therefore, we are prevented from considering the sufficiency of the evidence on appeal and the court's findings of fact as they appear in the judgment are conclusive on appeal.

[3] Defendant also failed to note her exceptions to the court's conclusions of law. Nonetheless, due to the proviso of Rule 10(a), N.C. Rules App. P., quoted *supra*, and because defendant properly raised the questions in her brief, we may consider whether the judgment is supported by the findings of fact and conclusions of law. The appeal itself constituted an exception to the judgment and brought forward any error of law apparent on its face. *Wade v. Wade*, 72 N.C. App. 372, 376, 325 S.E. 2d 260, 266, *disc. rev. denied*, 313 N.C. 612, 330 S.E. 2d 616 (1985). Specifically, defendant contends that the face of the order of equitable distribution is fatally defective in that the court failed to consider the twelve statutory factors set forth in G.S. 50-20(c). We disagree.

Precisely this issue was raised and resolved in *Weaver v. Weaver*, 72 N.C. App. 409, 324 S.E. 2d 915 (1985). As in *Weaver*, we find nothing in the record to indicate that the court did not consider all the statutory factors in ordering an equal division. Here, the equal division was not a clear abuse of discretion. The court made findings of fact as to what constitutes marital property. G.S. 50-20(a); *Little v. Little*, 74 N.C. App. 12, 16, 327 S.E. 2d 283, 287 (1985). The court also made findings of fact as to the net value of the marital property. G.S. 50-20(c); *Little v. Little*, at 18, 327 S.E. 2d at 288. The court then concluded that an equitable division under the circumstances of this case is an equal division. Failure of the court to make findings regarding the twelve statutory factors under G.S. 50-20(c) is not error when the court orders an equal division of the marital property, *Weaver, supra*, at 417, 324 S.E. 2d at 920, as the court did in the instant case.

[4] We deem it appropriate, in our discretion, to consider defendant's Assignment of Error, abandoned by her failure to comply with Rules 10(a) and 28 of the Rules of Appellate Procedure, that addresses the court's failure to include in its written judgment the disbursement of the Piedmont Credit Union Account valued at $453.22. The court made the following pertinent findings of fact.

VIII. That the parties have accumulated real and personal property during the course of their marriage, which constitutes 'Marital Property' within the meaning of G.S. 50-20, including the following:

. . . .

(g) An account in Piedmont Credit Union, an individual retirement account at United Carolina Bank, an account with Merrill Lynch, and certain tax free bonds (Catawba Power).

. . . .

XIII. That the Piedmont Credit Union Account contained a net amount of $453.22;

However, the court did not mention the Piedmont Credit Union account in the decretal portion of the judgment. We find this a mere oversight constituting harmless error. The transcript of the court's oral order shows that the trial judge ordered this account to "[b]e the sole and separate property of the plaintiff."

We remand this cause to the trial court to amend the decretal portion of the judgment to include the disbursement of the Piedmont Credit Union account in the amount of $453.22 to plaintiff as his sole and separate property. The judgment is, in all other respects, affirmed.

Remand for entry of judgment consistent with this opinion.

Judges BECTON and COZORT concur.