STARKEY SHARP v. LINDA R. SHARP

No. 861DC839

(Filed 20 January 1987)

1. **Divorce and Alimony § 30— equitable distribution—hearing not required immediately after entry of divorce**

   N.C.G.S. § 50-21(a) does not require that a hearing for equitable distribution must immediately follow entry of an absolute divorce.

2. **Divorce and Alimony § 30— equitable distribution—severance from divorce action—no substantial right affected**

   The trial court's severance of a divorce action from defendant's claim for equitable distribution did not affect a substantial right of defendant, since N.C.G.S. § 50-20(a) effectively provides for the "freezing" of the marital estate as of the date of the parties' separation.

3. **Divorce and Alimony § 13— absolute divorce—parties living separate and apart—allegations sufficient**

   There was no merit to defendant's contention that plaintiff's complaint was fatally defective and therefore could not support a judgment of absolute divorce because he failed to allege that the parties lived separate and apart for one year since the complaint did make such an allegation; the allegations were admitted by defendant; and plaintiff produced uncontradicted evidence in support of each allegation.

APPEAL by defendant from *Beaman, Judge.* Judgment entered 14 April 1986 in District Court, DARE County. Heard in the Court of Appeals 7 January 1987.

Plaintiff filed this action seeking an absolute divorce from defendant on grounds of one year's separation. In her answer, defendant admitted the allegations of the complaint and asserted a counterclaim for equitable distribution of the parties' marital property. Thereafter, plaintiff moved, pursuant to G.S. 1A-1, Rule 42(b), for severance of his claim for absolute divorce from defendant's counterclaim. The motion was allowed over defendant's objection. A separate trial was held upon plaintiff's claim for absolute divorce and judgment was entered granting him an absolute divorce from defendant. Defendant appeals.

*Shearin & Archbell, by Roy A. Archbell, Jr., for plaintiff appellee.*

*D. Keith Teague, P.A., by D. Keith Teague, for defendant appellant.*

MARTIN, Judge.

Defendant assigns as error the granting of plaintiff's motion for separate trials of his claim for absolute divorce and defendant's claim for equitable distribution of the marital property. She also contends that the complaint was insufficient to support the court's judgment granting plaintiff an absolute divorce. Neither of her claims has any merit.

Defendant first contends that the trial court erred in severing the issue of absolute divorce and proceeding to trial on that issue alone. Whether or not there should be a severance of issues is within the sound discretion of the trial court, and its decision with respect to separate trials will not be disturbed absent an abuse of that discretion, or a showing that the severance prejudices a substantial right. *Ashley v. Delp*, 59 N.C. App. 608, 297 S.E. 2d 905 (1982), *disc. rev. denied*, 308 N.C. 190, 302 S.E. 2d 242 (1983). Defendant contends both that the trial court's order in the present case was an abuse of discretion and that it prejudiced her substantial rights.

[1] Defendant seems to argue that the order for severance was contrary to law, and therefore an abuse of discretion, because G.S. 50-21(a) and our decision in *Capps v. Capps*, 69 N.C. App. 755, 318 S.E. 2d 346 (1984) require that the issue of distribution of marital property be resolved *immediately* following the decree of absolute divorce. We construe neither the statute nor *Capps* as imposing such a requirement.

G.S. 50-21(a) states in pertinent part that

. . . an equitable distribution of property shall follow a decree of absolute divorce. A party may file a cross action for equitable distribution in a suit for an absolute divorce, or may file a separate action instituted for the purpose of securing an order of equitable distribution. . . . The equitable distribution may not precede a decree of absolute divorce.

The plain language of the statute clearly provides that the equitable distribution of marital property must follow a decree of absolute divorce. The distribution proceedings may be instituted as a cross action or in a suit altogether separate from the divorce action. The statute does not require, nor are we aware of any appellate cases construing the statute as requiring, that the distri-

bution hearing must be held immediately following entry of the absolute divorce. *Capps, supra,* in holding that equitable distribution proceedings must precede determinations of alimony and child support, simply states that "when properly demanded, [equitable distribution] must be granted upon the divorce decree being entered. . . ." *Capps* at 757, 318 S.E. 2d at 348. This statement cannot, and should not, be construed to impose an immediacy requirement on the proceedings.

[2] Defendant's further argument that the trial court's severance of the divorce hearing affected a substantial right is equally unpersuasive. She asserts that the severance would permit the plaintiff to dispose of his interests in contested property thereby defeating the court's power to distribute those assets. G.S. 50-20(a) effectively provides for the "freezing" of the marital estate as of the date of the parties' separation. Marital assets, distributed thereafter, are valued as of that date. Attempts by one or both spouses to deplete the marital estate or dispose of marital property after the date of separation but before distribution may be considered by the court when making the division, and any conversion of marital property for individual purposes may be charged against the acting spouse's share. G.S. 50-20 (c)(11a); *Mauser v. Mauser,* 75 N.C. App. 115, 330 S.E. 2d 63 (1985); *Talent v. Talent,* 76 N.C. App. 545, 334 S.E. 2d 256 (1985). These assignments of error are overruled.

[3] Defendant next contends that plaintiff's complaint was fatally defective and therefore cannot support a judgment of absolute divorce because he failed to allege that the parties lived separate and apart for one year with the intention by at least one of them that the separation be permanent. Defendant further asserts that the trial court improperly found as a fact that the parties had the requisite intent because it was a matter outside the scope of the pleadings. We disagree.

G.S. 50-6 provides, in pertinent part:

Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, if and when the husband and wife have lived separate and apart for one year, and the plaintiff or defendant in the suit for divorce has resided in the State for a period of six months.

The complaint in this action alleged that plaintiff had been a resident of the State for more than six months prior to the institution of the action, that the parties had been married, and that they had thereafter separated and lived separate and apart for more than a year before the commencement of the action. The allegations were admitted by defendant and, at the hearing, plaintiff produced uncontradicted evidence in support of each of them. The establishment of these allegations by proof entitles the plaintiff to an absolute divorce. *Taylor v. Taylor*, 225 N.C. 80, 33 S.E. 2d 492 (1945).

Affirmed.

Judges WELLS and PARKER concur.