BERRY ANDY LEFLER v. BONNIE S. LEFLER

No. 8713DC1249

(Filed 6 September 1988)

**Divorce and Alimony § 30— equitable distribution—equal division—appeal dismissed**

    Plaintiff's appeal from an order of equitable distribution has no merit where the parties agreed to an equal division of the property; they stipulated that their property consisted of certain items and stipulated as to the value of much of the property; and plaintiff did not except to any of the trial court's findings of fact.

APPEAL by plaintiff from *Wall, Judge.* Judgment entered 6 August 1987 in District Court, COLUMBUS County. Heard in the Court of Appeals 31 May 1988.

This appeal is from an order of equitable distribution. The parties stipulated (a) that their marital property consisted of household furnishings and other personal property, the marital home, and two businesses, Budget Finance Corporation and Shelley-Lefler Insurance Agency, (b) as to the value of much of the personal property, and (c) that an equal division would be equitable. Following a hearing in which value witnesses for each testified the judge evaluated all the properties, determined that they were worth $314,171.47, distributed the house, its furnishings and certain personal property worth $99,546.00 to defendant, distributed the businesses and other personal property worth $214,625.47 to plaintiff, and required him to make four annual equalizing payments to defendant, each in the amount of $14,384.93.

*Ralph G. Jorgensen and Williamson & Walton, by Edward L. Williamson, for plaintiff appellant.*

*McLean, Stacy, Henry & McLean, by H. E. Stacy, Jr., for defendant appellee.*

PHILLIPS, Judge.

Plaintiff's appeal has no legal or logical basis. Though he makes several arguments none of them, or any of his exceptions for that matter, address any of the court's detailed findings of

fact, some of which must fail for plaintiff's appeal to succeed, since they obviously support the judgment. Instead, though the appeal is from a judicially agreed to equal division of designated articles of marital property, determined by a judge who as finder of fact had the prerogative to determine the credibility and weight of all evidence presented, he makes the following irrelevant, fallacious, and really pointless arguments:

(1) The distribution is not equal because the court failed to take into account the defendant's separate income and estate, including an inheritance received months after the judgment was entered.

(2) The judge erred in requiring him to make the annual equalizing payments to defendant of $14,384.93 each because his annual disposable income is only $8,067 — as though that excused him from accomplishing the equal division agreed to and justified him keeping two-thirds of the property.

(3) In distributing the property the judge failed to consider the twelve statutory factors stated in G.S. 50-20(c) — though these factors do not have to be considered when an equal division is made, *Spence v. Jones*, 83 N.C. App. 8, 348 S.E. 2d 819 (1986), and how their consideration could have made an equal division more equal he does not say.

(4) The accounting methods of his value witnesses were more reliable and accurate than those of defendant's value witnesses and the court erred in finding to the contrary.

No error in the court's findings of fact having been called to our attention or appearing on the face of the record, the findings are conclusive, *Harris v. Walden*, 314 N.C. 284, 333 S.E. 2d 254 (1985), and since the findings support the conclusions of law and judgment the judgment is affirmed.

Affirmed.

Judges WELLS and BECTON concur.