Shoffner v. Shoffner

Affirmed.

Judges ARNOLD and GREENE concur.

---

ELLA J. SHOFFNER v. ODELL C. SHOFFNER

No. 8718DC1199

(Filed 20 September 1988)

1. **Divorce and Alimony § 30— equitable distribution—expenses incurred because of failure of one spouse to cooperate—consideration proper in making award**

   Failure to comply with discovery orders or misconduct during the course of litigation may not be considered as a factor in determining the distribution of marital property; however, when the failure to assist in the compilation and valuation of marital property during litigation causes one party to incur additional expenses, the court may consider such a purely financial consideration in making its distributive award.

2. **Divorce and Alimony § 30— equitable distribution—pensions—seven-day interval between separation and valuation of pensions**

   Though it is true that an equitable distribution award should be based upon a vested accrued benefit which is calculated as of the parties' separation date, defendant failed to demonstrate that either of the parties made any additional contributions or that any additional interest had accrued to the parties' pensions during the seven-day interval between the parties' date of separation and the date of valuation. N.C.G.S. § 50-20(b)(3)(d).

3. **Divorce and Alimony § 30— equitable distribution order—modification of child support order—time for entry of each**

   Modification, upon request, of a child support order concerning the depository at which payments may be made does not come within the rule that an equitable distribution order must be entered prior to alimony or child support awards, or modification of those already in existence; therefore, the request in this case could be granted or denied within the court's discretion and at the time of its choosing.

APPEAL by defendant from *Daisy, Judge.* Order entered 27 May 1987 in District Court, GUILFORD County. Heard in the Court of Appeals 10 May 1988.

*Rivenbark, Kirkman, Alspaugh & Moore, by Douglas E. Moore, P.A., for plaintiff-appellee.*

*Barbee, Johnson & Glenn, by Walter T. Johnson, Jr., for defendant-appellant.*

JOHNSON, Judge.

Plaintiff and defendant were married on 7 November 1959. There were three children born of this union: Karen P. Shoffner, born 15 March 1961, Odell C. Shoffner, Jr., born 23 June 1965, and Yvonne P. Shoffner, born 3 August 1971. Yvonne Shoffner is the couple's only minor child.

On 28 December 1984, plaintiff filed a complaint numbered 84-CVD-8057 seeking divorce from bed and board, alimony pendente lite, counsel fees, child custody, child support, permanent alimony and equitable distribution.

When the matter came on for hearing on 18 February 1985, the court determined: that neither party was a "dependent spouse" as defined in G.S. sec. 50-16.1(3); that neither party was the supporting spouse as defined in G.S. sec. 50-16.1(4); that plaintiff was therefore not entitled to an award of alimony pendente lite; that defendant was entitled to the exclusive use and possession of the marital home with the responsibility of paying the two outstanding mortgages and the taxes and insurance thereupon; and that plaintiff should be responsible for the support of the minor child while the minor child lived with plaintiff, and that defendant should be responsible for the minor child's support while she lived with him.

On 6 March 1986, plaintiff filed a complaint seeking an absolute divorce from defendant on the grounds of a one-year separation, as well as equitable distribution of their assets. Plaintiff also filed a motion on 6 June 1986 to modify the custody and support order which was entered on 18 February 1985. Pursuant to this motion, the parties entered a consent order in open court on 3 July 1986. The order provided that plaintiff should have primary custody of the minor child, and that defendant should have secondary custody of the minor child, along with the obligation to pay $50.00 per week for child support.

The parties were granted an absolute divorce on 23 June 1986, and the pending claim for equitable distribution was continued. On 2 December 1986, the matter of equitable distribution was heard. Another hearing on this matter was scheduled for 3 February 1987. The court ordered that the items listed in the equitable distribution order under the column designated "plain-

tiff's" should be her separate property, and the items designated "defendant's" should be his separate property. The court further ordered that any outstanding loans on separate property should be paid by the party to whom the property was distributed. The parties were also assigned specific loans to pay. Defendant was ordered to pay to plaintiff $33,651.08 on or before 1 July 1987, to equitably distribute the marital estate. A provision was also entered regarding the procedure to follow in the event defendant failed to pay that amount on or before the specified date. From this order of equitable distribution, defendant appeals.

Defendant presents six questions for review. We find that only three of those merit discussion; namely, questions one, two and six. Insofar as questions three, four and five are concerned, they are overruled.

[1] In Assignment of Error number one, defendant contends that the trial court erred when it based an unequal distribution of property on his alleged failure to cooperate with the court during the course of litigation. We find no error.

In finding of fact number nineteen, the court stated the following:

The Court has considered other factors and the testimony of Plaintiff as to her contentions why an equitable distribution justifies that she receive more than fifty percent (50%) of the marital estate as her sole and separate property. Defendant failed to fully cooperate and participate with Plaintiff and this Court in the formation of a pre-trial order. *This failure required Plaintiff to incur additional attorney's fees from her separate property for the preparation of the necessary information for this Court's consideration of both parties' Motion[s] of equitable distribution. This Court finds that it would be inequitable to allow Defendant to benefit from this expense incurred by Plaintiff.*

This finding of fact clearly illustrates that the court did not make an unequal distribution as a punishment for defendant's failure to cooperate in compiling a list of marital property for the pre-trial order. We agree with defendant that failure to comply with discovery orders, or misconducting oneself during the course of litigation may not be considered as a factor in determining the

distribution of marital property. *Wade v. Wade*, 72 N.C. App. 372, 325 S.E. 2d 260 (1985). However, when the failure to assist in the compilation and valuation of marital property during litigation causes one party to incur additional expenses, the court may consider such a purely financial consideration in making its distributive award. We find this equivalent to the proper consideration of marital misconduct which is related to the economic condition of the marriage as a factor in making the distributive award. *See Spence v. Jones*, 83 N.C. App. 8, 348 S.E. 2d 819 (1986).

G.S. sec. 50-20(c) mandates an equal division of marital property unless the court determines that such a division is inequitable. If the court determines that an equal division would be inequitable, it shall then make an equitable division based upon several factors, such as the income, property, and liabilities of each party which exist when the property division is to become effective; G.S. sec. 50-20(c)(1); "[a]cts of either party to maintain, preserve, develop, or expand; or to waste, neglect, devalue or convert such marital property, during the period after separation of the parties and before the time of distribution"; G.S. sec. 50-20(c)(11a); and any other factor which the court may find to be just and proper. G.S. sec. 50-20(c)(12).

This Court has held that a finding, with evidentiary support, that a single factor is sufficient to support an unequal distribution, is within the court's discretion and is properly upheld on appeal. *Andrews v. Andrews*, 79 N.C. App. 228, 338 S.E. 2d 809, *disc. rev. denied*, 316 N.C. 730, 345 S.E. 2d 385 (1986). We are met with findings which are amply supported by the evidence, and a proper exercise of discretion by the trial court. This assignment of error is overruled.

[2] By Assignment of Error number two, defendant contends that the trial court erred when it based its distribution of the marital property on evidence of values of the marital property assigned after the date of the parties' separation. Again, we find no error.

Defendant specifically alleges that although plaintiff and defendant were separated on 24 December 1984, the court valued the parties' pensions as of 31 December 1984. He argues that G.S. sec. 50-20(b)(3)(d) provides that the award should be based upon a vested accrued benefit which is calculated as of the parties' sepa-

Shoffner v. Shoffner

ration date, not to include any compensation or contributions which accrue after the separation date. While this is a correct statement, defendant has failed to demonstrate that either of the parties made any additional contributions, or that any additional interest had accrued to the retirement plans during the seven-day interval between the parties' date of separation and the date of valuation. Therefore, this assignment of error is overruled.

[3] In Assignment of Error number six, defendant argues that the trial court erred when it modified an existing custody and support order without a showing of changed circumstances, nor a consideration of its order on equitable distribution. We do not agree.

On 3 July 1986, the defendant, by consent order, agreed to pay $50.00 per week for support of the minor child, and also agreed that plaintiff should have the primary support of the minor child. He testified on 2 December 1986 that he had fully complied with the oral consent order concerning child custody and support.

In its order of equitable distribution entered 27 May 1987, the court modified the previous custody and support order in one manner only, to provide that the defendant pay the amount of child support through the office of the clerk of court rather than to the plaintiff directly. Defendant argues that the modification was entered as a part of the equitable distribution order, and not therefore after equitable distribution, as is required. *See Capps v. Capps*, 69 N.C. App. 755, 318 S.E. 2d 346 (1984).

It is clear to us that the requirement regarding the sequence, equitable distribution order to be entered prior to alimony or child support awards, or modification of those already in existence, is designed to accommodate "the obvious relationship that exists between the property that one has and his or her need for support and the ability to furnish it." *Capps* at 757, 318 S.E. 2d at 348. A modification, upon request, concerning the depository at which the payment may be made has no relationship to this requirement. The request could therefore be granted or denied within the court's discretion, and at the time of its choosing. Therefore, this assignment of error is also overruled, and for the foregoing reasons, the judgment is

Affirmed.

Judges PHILLIPS and SMITH concur.