CHARLES W. ALEXANDER, JR., PETITIONER v. I. O. WILKERSON, JR., DIREC-
TOR OF NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, DIVISION OF FACILI-
TY SERVICES, RESPONDENT

No. 8919SC1030

(Filed 3 July 1990)

**Administrative Law and Procedure § 37 (NCI4th)— contested case hearing—denial of continuance—no abuse of discretion**

An administrative law judge did not abuse his discretion by denying petitioner's motion for a continuance where the proceeding involved the revocation of a license to operate a rest home, regulations required that a supervisor-in-charge be at the rest home at all times, petitioner moved for a continuance at approximately 5:15 p.m. so that he could return to the rest home to relieve the SIC then on duty, the administrative law judge questioned the parties to determine if a solution existed to the problem, the administrative law judge discovered that petitioner's son could drive one of petitioner's witnesses who was a qualified SIC back to the rest home, and petitioner refused that idea, saying that they had all come together and should all leave together.

**Am Jur 2d, Administrative Law §§ 397 et seq.**

APPEAL by petitioner from an order entered 6 April 1989 by *Judge William Helms* in CABARRUS County Superior Court. Heard in the Court of Appeals on 4 April 1990.

On 23 February 1988, the North Carolina Department of Human Resources (the "Department") notified petitioner that it had revoked his license to operate the Alexander Rest Home located in Concord, North Carolina. Petitioner was granted a hearing before

Administrative Law Judge Robert Reilly, Jr. The contested matter was heard on 26 July and 1 August 1988. After the hearing, Judge Reilly recommended upholding the revocation. The Department adopted Judge Reilly's recommended decision as its final decision on 2 November 1989. Judge Helms affirmed the Department's decision by order signed 13 April 1989. Petitioner appeals from that order.

The Alexander Rest Home is a home for the aged, licensed by respondent for a maximum capacity of twenty beds. In April 1987, petitioner became sole administrator of the facility and was issued a full license to operate the facility. In May 1987, petitioner's full license was renewed for one year. On 17 November 1987, however, respondent reduced petitioner's license to "provisional" and suspended new admissions to the home. On 23 February 1988, respondent revoked petitioner's license.

Between 25 March 1987 and 23 February 1988, petitioner's facility was surveyed fifteen times by various officials. Their findings, which resulted in the decision to revoke petitioner's license, are not set out here because petitioner has not challenged the sufficiency of the evidence to support the Department's findings of fact and conclusions of law.

The contested case hearing began on 26 July 1988, at which time the Department presented its evidence and rested its case. The hearing was reconvened on Monday, 1 August 1988, at 1:00 p.m. for the presentation of petitioner's evidence. Petitioner did not arrive until 1:30 p.m. Petitioner called two witnesses, Mrs. Lois Sprat, a rest home employee, and his son, and the petitioner himself testified. He also introduced twenty-two exhibits.

At approximately 5:15 p.m., petitioner abruptly requested that the hearing be recessed and continued at another time because he had to return to the rest home to relieve the supervisor-in-charge ("SIC") then on duty at the facility. The A.L.J., however, inquired and determined that there was a way simultaneously to proceed with petitioner's testimony and also to relieve the SIC. Petitioner refused this alternative. Judge Reilly then ruled that petitioner had forfeited his right to present any more evidence and concluded the hearing.

*James D. Foster for petitioner appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James A. Wellons, for respondent appellee N.C. Department of Human Resources.*

ALEXANDER v. WILKERSON

[99 N.C. App. 340 (1990)]

ARNOLD, Judge.

Petitioner challenges the Department's final decision on two grounds: (1) that the A.L.J. abused his discretion when he denied petitioner's motion to continue and (2) that he abused his discretion by terminating the hearing and rendering a recommended decision without hearing the remainder of petitioner's evidence. Presumably, petitioner believes his additional evidence would shift the weight of the evidence to his favor.

The powers of an A.L.J. are outlined in The Administrative Procedure Act, N.C. Gen. Stat. § 150B-33 (1987), and in the Rules of the Office of Administrative Hearings, N.C. Admin. Code tit. 26, r. 03 (March 1990). An A.L.J. may "[r]egulate the course of the hearings, including discovery, [and] set the time and place for continued hearings . . . . " G.S. § 150B-33(b)(4). "Requests for a continuance of a hearing shall be granted upon a showing of good cause." 26 N.C.A.C. 03.0018(a). If insufficient time remains to conclude testimony at a hearing, additional testimony should be taken by deposition or a continuance granted "if it appears in the interest of justice that further testimony should be received." 26 N.C.A.C. 03.0018(b). A motion for a continuance is addressed to the sound discretion of trial judges. Spence v. Jones, 83 N.C. App. 8, 348 S.E.2d 819 (1986). Continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it. Doby v. Lowder, 72 N.C. App. 22, 324 S.E.2d 26 (1984); see N.C. Gen. Stat. § 1A-1, Rule 40(b) (1983). Discretion of the trial judge in ruling on a motion for a continuance is not unlimited, but such a ruling is not reviewable absent manifest abuse of discretion. Spence, 83 N.C. App. 8, 348 S.E.2d 819.

The Alexander Rest Home is approximately a twenty-five minute drive from where the hearing was held. Applicable regulations required that a SIC be at the rest home at all times. Petitioner testified that he moved for a continuance because he had to relieve the SIC then on duty no later than 5:45 p.m. that evening. Petitioner also stated that he had called all of his witnesses, but had "five or six other things to do."

The A.L.J. questioned the parties at the hearing to determine if a solution existed to the problem and discovered that petitioner's college-age son could drive Mrs. Sprat, a qualified SIC, back to the rest home. Neither petitioner's son nor Mrs. Sprat expressed any objection to this plan, but merely deferred to petitioner's wishes.

Petitioner, however, refused this idea, saying that they had all come together and should all leave together. Petitioner also objected to Mrs. Sprat's relieving the on-duty SIC on the ground that she was sick. But when asked by the A.L.J. if she would be willing to relieve the SIC, Mrs. Sprat did not state that she was too sick to work. She agreed to the plan "[i]f it's agreeable with [the petitioner], since I work for him."

We hold that petitioner did not show good cause for his continuance motion. The A.L.J. made numerous findings of fact in his written order denying the motion, and those findings are supported by competent evidence in the record. There was no manifest abuse of discretion in the denial of petitioner's motion.

Affirmed.

Judges LEWIS and DUNCAN concur.